NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-324

IN THE MATTER OF FRANK PEDRO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Michaelyn Profio, a sister-in-law of Frank Pedro, appeals from a decree and order issued by a judge of the Probate and Family Court that struck her objection to a conservator's petition for a license to sell Pedro's real estate. On appeal, Profio claims that the judge erred in determining that she is not an "interested person" under G. L. c. 190B, § 1-201 (24), and thus has no standing to object to the sale of Pedro's home. We affirm.

1. Background and prior proceedings. On March 21, 2019, Bristol Elder Services, Inc. (BES), filed a petition for the appointment of a conservator and a separate petition for the appointment of a guardian for Frank Pedro.[1] BES became involved

_____

[1] BES filed a motion to consolidate the guardian and conservatorship matters, which was allowed by the court on March 25, 2019.

after learning that Pedro, a seventy-nine year old widower, had recently transferred his home to Profio for one dollar. Profio is Pedro's deceased wife's youngest sister, with whom Pedro once resided. Profio had also transferred Pedro's entire savings account of approximately $480,000 to an account that Profio controlled. Profio filed an objection to the appointment of a conservator.

In July 2019, while the guardianship and conservatorship cases were pending, the temporary conservator filed a verified equity complaint against Profio and her husband. The action alleged, among other things, that Profio exerted undue influence and committed fraud in transferring Pedro's home and in transferring the balance of his savings account to her. In sum, the conservator claimed that at the time of the transfers, Pedro lacked the capacity to make these decisions. In October 2019, counsel filed a notice and appearance in the equity case on behalf of Profio, and over several subsequent months the judge granted multiple assented-to motions to continue the case as the parties were in communication with one another. Profio, however, never filed an answer to the equity complaint.

In April 2020, the conservator filed a motion for summary judgment and, after Profio failed to file an opposition, he filed a motion for default judgment, both joined by Pedro. The judge allowed the motion for default judgment in a margin

2

endorsement.  On May 4, 2020, the judge issued a judgment (which he described as a declaratory judgment and order) finding that Profio failed to defend the equity action and issuing orders that, in essence, nullified the deed and ordered the funds returned to Pedro.[2]  In June 2020, Profio filed a motion to vacate the default judgment and stay the order, which in turn, the conservator opposed.

In August 2020, three months after the entry of default judgment, the parties voluntarily entered into an agreement entitled "Stipulation for Judgment" (August stipulation).  The August stipulation was signed by the temporary guardian, the temporary conservator, Pedro, and Profio.[3]  The August stipulation was filed and docketed on August 26, 2020, in all three matters; it was not, however, incorporated into a judgment.

In the August stipulation, Profio agreed to several provisions that bear on her appeal.  First, Profio agreed that the judgment in the equity case would stand and that she would waive and withdraw all of her subsequent motions to vacate or stay the default judgment.  Second, she agreed that she would

---

[2] The judge made findings that Pedro lacked the mental capacity to convey his home to Profio and was subjected to undue influence by Profio.

[3] The attorney for Pedro signed the stipulation on his behalf.

3

withdraw her objection to the petitions for a conservator and a guardian for Pedro and would no longer be a party to those actions. Third, she agreed that she, her husband, and her family would "release any past, current, or future claim in relation to or against Mr. Pedro's estate and they will not assert a privilege, right, or challenge to any will or testamentary gifts, devises, or bequests, past, current or future." Fourth, Profio expressly acknowledged that Pedro did not wish to have any contact with her, and the parties agreed that if in the future Pedro decided to contact her, the guardian would facilitate communication.[4] In August 2020, pursuant to the stipulation, Profio withdrew her appearances from all three cases and any pending motions and subpoenas.

On February 4, 2021, the temporary guardian filed a motion in the conservator case to amend the August stipulation, as there was a breakdown in the relationship between the temporary conservator and the temporary guardian. During a review hearing on the conservator and guardian matters, at which Profio and her counsel were present, the parties referred to the August stipulation relative to the equity action. The judge (a different judge than who entered the default judgment) properly

---

[4] The August stipulation also provided that Profio would receive a payment of $31,500. At oral argument, Profio's attorney confirmed that the $31,500 payment was received in full by Profio.

4

corrected them, noting that that the equity case was no longer before him, as that matter had resulted in a judgment in May 2020. The judge confirmed that a default judgment had entered on the equity case, and the only cases that remained pending were the guardianship and conservator ones. The judge noted that, despite the stipulation by the parties, the parties were no longer in agreement as to who would serve as Pedro's conservator. The judge stated the "stipulation has broken down," and said "there is no stipulation . . . there is no agreement."[5] Accordingly, the judge scheduled the conservator and guardian matters for trial. A trial did not occur, however, because the parties later signed a separate stipulation (March stipulation) in which all parties, including Profio, once again agreed on a permanent conservator, and the judge issued a decree appointing a permanent conservator for Pedro.

On July 13, 2021, the conservator filed a petition for a license to sell Pedro's real estate, and notice was sent out to several parties, including Profio. On August 23, 2021, Profio filed an objection and, later, filed a thirty-six page affidavit

---

[5] The judge further elaborated, "But the stipulation that I've seen in the past -- it included the equity action. The equity action went to judgment. I've got two separate actions; I've got a guardianship and I've got a conservatorship. I'm going to deal with those separately. So, if you want to come up with a stipulation on either of those. But there's not going to be a global agreement; it's going to be done separately. But I'm going to try both matters on the same day."

of objections requesting, among other things, that the judge order the conservator to file a financial plan and tax returns and that the judge order the conservator to rent rather than sell Pedro's home. In response, the conservator filed a motion to strike Profio's objection, contending that Profio was not an interested party under G. L. c. 190B, § 1-201 (24). The judge, after conducting a hearing, found that Profio lacked standing to object to the petition for a license to sell the real estate. The judge allowed the conservator's motion to strike Profio's objection and prohibited Profio, and her counsel, from filing any further pleadings without first obtaining leave from the court. This appeal followed.[6]

2. Discussion. a. The role of a conservator and the sale of real estate. "A conservator is a nonjudicial person fulfilling quasi judicial functions . . . 'who is appointed by a court to manage the estate of a protected person.'" Hornibrook v. Richard, 488 Mass. 74, 80 (2021), quoting G. L. c. 190B, § 1-201. "Typically, a conservator manages properties and pays bills for any work done." Hornibrook, supra. The role of conservator includes paying bills, collecting and retaining assets, and filing reports with the court regarding the

---

[6] We note that there is a pending separate appeal, Matter of Pedro, 23-J-708, pertaining to the sanctions ordered by the judge against Profio.

expenditure of assets based upon the needs of the protected person.  See G. L. c. 190B, § 5-416.  If a conservator determines that it is necessary to sell the protected person's real estate, the conservator must comply with the provisions of G. L. c. 202.  Accordingly, the conservator must file a petition for a license to sell real estate in the Probate and Family Court, after which the judge will review the petition to determine whether the sale would benefit the protected person.  See G. L. c. 190B, § 5-423 (d).  The conservator must provide notice of the petition to sell, as "[n]o license to sell real estate shall be granted to a guardian or conservator until such notice as the court orders has been given to the next of kin of the ward, to all his heirs apparent or presumptive, and to all persons interested in the estate."  G. L. c. 202, § 11.

b.  <u>Interested person</u>.  In order to intervene in an action taken by a conservator,[7] a party must be an "interested person."

_____

[7] General Laws c. 202, §§ 1-22, which provides for the procedures for conservators, guardians, executors, and administrators to sell private property, are silent on the question of when a party may object to the sale.  Some provisions of the Uniform Probate Code do provide a procedure for interested persons to file affidavits of objection.  See, e.g., G. L. c. 190B, § 1-401.  In the case of a petition to sell real estate, however, the appropriate procedure for objecting was to file a motion to intervene pursuant to Mass. R. Civ. P. 24, 365 Mass. 769 (1974).  Accordingly, we analyze Profio's objection to the sale as a motion to intervene.

7

Under G. L. c. 190B, § 1-201 (24), the term interested person includes:

> "heirs, devisees, children, spouses, creditors, beneficiaries, and any others having a property right in or claims against a trust estate or the estate of a decedent, ward, or protected person.  It also includes persons having priority for appointment as personal representative, and other fiduciaries representing interested persons.  The meaning as it relates to the particular persons may vary from time to time and shall be determined according to the particular purposes of, and matters involved in, any proceeding."

The determination of whether someone is an interested person, and thus has standing to intervene or object, is generally a mixed question of fact and law.  In such cases, a judge has discretion to find facts, which we review for clear error, but the application of the facts to the law is reviewed de novo.  See Guardianship of B.V.G., 474 Mass. 315, 320 (2016).

In a written decision, the judge recognized that an interested person can include individuals not specifically named in G. L. c. 190B, § 1-201 (24), and requires a case-by-case analysis.  Upon reviewing the facts in this case, the judge concluded that Profio's past actions of transferring Pedro's home and his bank account funds to her at a time in which he "allegedly lacked competency" and then rescinding those actions, did not support a finding that she was an interested person.  On appeal, Profio claims that the judge erred because, while she admittedly does not fall within an enumerated category such as a

8

child or a spouse of Pedro, her demonstrated interest in Pedro's well-being renders her an interested person under G. L. c. 190B, § 1-201 (24).

We may assume that Profio is correct that the default judgment has no preclusive effect, so that the question is actually an open one whether undue influence was used with respect to the transfers of property and money. Profio asserted that the property was transferred to shield the assets from Medicaid's asset limits, and the money transferred to prevent its theft by another of Pedro's sisters-in-law, all under the advice of counsel. We may also assume the August stipulation in which Profio agreed not to be a party in this case is of no force and effect. Indeed, we may assume that, as Profio claims, a proper assessment would have resulted in the conclusion that she has standing.

Even under these assumptions, we affirm. The judge heard arguments from both counsel for the conservator and counsel for Profio. The judge also considered the written memoranda submitted in support of and in opposition to the petition to sell Pedro's real estate. This included voluminous documentary evidence including Profio's thirty-six page affidavit filed by counsel regarding her objections.

At the end of his decision on the motion to strike, the judge rejected Profio's objections on the merits, though he had

9

found she lacked standing.  She had expressed concern, as had the guardian ad litem, that there had been no explanation by the conservator of where Pedro's other assets had gone such that selling his house was necessary.  She also objected that the conservator had not shown why renting the house for income was not a financially superior course of action.  The judge stated in his decision that "the Court does not agree with Prof[]io that the Affidavit of Objections states specific facts and grounds to support an objection to the License to Sell."  He further pointed out that Profio's affidavit listed "numerous objections and issues regarding the Conservator's performance" but that it lacked detail as to why the home should not be sold, when Pedro had no plans to return.

Consequently, even if the judge erred in concluding Profio lacked standing, which we do not decide, that error was

harmless, as his conclusion would have been the same had he found standing.[8,9]

Order striking objection to
  petition to sell real
  estate and granting license
  to sell affirmed.

By the Court (Rubin, Henry &
  Walsh, JJ.[10]),

Clerk

Entered:  May 1, 2025.

---

[8] We note that the conservator, characterizing Profio's appeal as frivolous, requests an award of appellate attorney's fees.  We decline to award attorney's fees.

[9] We do not address Profio's arguments related to the Superior Court judge's calculation of attorney's fees, because that matter of sanctions is currently pending before a single justice pursuant to G. L. c. 231, § 6G.  See note 6, infra.

[10] The panelists are listed in order of seniority.